IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                                  ORDER

               Plaintiff,

                                                09-cv-291-slc[1]

     v.

DANE COUNTY JAIL,
DEPARTMENT OF CORRECTIONS,
DODGE CORRECTIONAL INSTITUTION,
KELLY LINZENDORF, HOLLEY DORNFELD,
J. FUHLBOHM, T. HELLER,
Sgt. RAY LAATSCH, Sgt. J. MEADOR,
Administrator TIFFANY GRUBER,
DEPUTY KNULL, TODD RIEGARD,
L. BUELOW, DEPUTY ROCKWEILER,
DEPUTY BURCH, DEPUTY MAMMOS,
DEPUTY KELSEY, Atty. JOSEPH E. MIMIER,
and EMPLOYEES OF DANE COUNTY JAIL,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff James Grant, a prisoner at the Sauk County jail in Baraboo, Wisconsin, has

submitted a proposed complaint under 42 U.S.C. § 1983. I can construe the complaint to

---

[1] Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order, I am assuming jurisdiction over this case.

include a request for leave to proceed in forma pauperis because plaintiff has not paid the $350 fee for filing his complaint. The request will be denied because plaintiff does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has been aware of his three-strike status since at least February 2009, see, e.g., Grant v. Barth, 08-cv-669-slc (W.D. Wis. Feb. 10, 2009) (denying leave to proceed in forma pauperis on appeal under 28 U.S.C. § 1915(g) and listing three 2008 cases qualifying for strikes). Thus, he must prepay the filing fee for this lawsuit unless his complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations.

Plaintiff's complaint does not allege facts from which an inference may be drawn that

he is in imminent danger of serious physical injury.  The overarching theme of plaintiff's allegations appears to be that plaintiff believes that defendants (employees of the Dane County jail, the Sauk County jail and the Department of Corrections, and an assistant district attorney), have united against him to cause him harm and on numerous occasions in the past few months have committed "oppressive" and "dehumanizing" acts against him. For example, plaintiff says that on April 8, 2009, defendant Fuhlbohm deliberately gave plaintiff medication that made him sick; the next day, defendant Heller grabbed plaintiff's hand and squeezed a pen into it causing him pain; and the following day, defendants Laatsch and Riegard took plaintiff to segregation for refusing to scrub the shower floor.  Taken together, the allegations in plaintiff's complaint may sound severe.  However, plaintiff makes no assertion that he continued to suffer from defendants' actions or that he is currently in any physical pain.  The claims in plaintiff's complaint are claims of past harm only.

Plaintiff does allege one set of facts, however, that requires further discussion.  On page 8 of his complaint, plaintiff alleges that "on or about 17 April 09 [he] request[ed] to see mental health due to anxiety and stress" and that no one came to see him.  He made another request ten days later but as of April 30 (the date he submitted his complaint in this case), his second request had gone unanswered as well.  With respect to this claim, plaintiff has not alleged any resulting harm or threat of physical injury because of the failure of jail officials to provide treatment for his mental health concerns.  Although plaintiff mentions generally on page 6 of the complaint that the actions of defendants have caused him to have

"suicidal thoughts," he does not allege that this is a result of his lack of treatment or that he is contemplating acting on his suicidal ideation. For these reasons, I cannot find that plaintiff's complaint is a complaint requiring application of the exception to § 1915(g). Therefore, his request for leave to proceed in forma pauperis will be denied.

Although plaintiff is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350. If he does this, however, plaintiff should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. If plaintiff does not make the $350 payment by June 10, 2009, I will consider that he does not want to pursue this action. In that event, the clerk of court is directed to close this file.


ORDER

IT IS ORDERED that plaintiff James Grant's request for leave to proceed in forma pauperis is DENIED because plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that plaintiff may have until June 10, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If,

by June 10, 2009, plaintiff fails to pay the fee, the clerk of court is directed to close this file.

Entered this 20th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge